CAUTIÑO ET AL., PLAINTIFFS AND APPELLANTS, *v.* MUÑOZ ET AL., DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of Guayama.

Motion to Dismiss Appeal.

No. 1038.—Decided October 17, 1913.

APPEAL — TRANSCRIPT OF RECORD — EXTENSION OF TIME — JURISDICTION. — The power to extend the time for filing in this court a transcript of the record on appeal lies in this court and district courts are without jurisdiction to do so.

ID.—STATEMENT OF THE CASE—EXTENSION OF TIME—PREMATURE MOTION.—A motion for an extension of time for the filing of a statement of the case or of a bill of exceptions made before noting the appeal is premature and an order sustaining the same has no legal force or effect.

FINDINGS OF FACT—DISCRETION OF COURT—INCIDENTAL ORDERS AFTER JUDGMENT.—In accordance with the provisions of section 227 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, a district judge is not compelled to make out and file findings of fact in support of an order approving a bill of costs. It is left to the discretion of the court to make such findings or not in connection with incidental subsequent orders either in regard to costs, attorney's fees or execution of judgment or other orders of an incidental nature made after judgment.

APPEAL—DISMISSAL OF APPEAL.—The order appealed from having been entered
on June 20, 1913, since which date there is no showing that the appellants
have perfected their appeal, it should be dismissed.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for appellants.

*Messrs. José C. Ramos* and *José Tous Soto* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to dismiss an appeal. The appeal was taken on July 8, 1913, from the order of the District Court of Guayama, made after judgment, fixing the costs, disbursements and fees in the above-entitled case. On the day the order was signed, namely, June 28, 1913, and consequently before the appeal was noted the present appellants filed a motion in the said district court for an extension of 30 days within which to file their transcript (*sic*) of the case for the purpose of an appeal, the time (*plazo*) to begin to run from the time the district judge should make the findings of fact to which his order of June 28 referred. The motion was granted as prayed.

This is the only extension of time for any kind of proceeding shown by the files of the district court in regard to the matter, as the certificate of the secretary evidences. The appellees are technically right in their contention that the appellants obtained no extension of time within which to file a bill of exceptions or statement of the case seeing that the extension was asked to file the transcript. The District Court of Guayama has no power to extend the time for filing the transcript. The power to extend the time for filing a transcript on appeal would reside in this court and not in the district court. Hence, the order of the court extending the time to file the transcript if technically understood was without authority.

Even if the order of extension be regarded as referring solely to the statement of the case, as it is alleged by the

appellants, it was prematurely made. There was no appeal pending on June 28, 1913. The motion asking for an extension refers solely to an extension for the purposes of an appeal. We have decided in several cases that an appeal taken before judgment is without effect, and, similarly an order extending the time for filing a bill or statement would be without effect when there is no appeal or motion for new trial pending, to which such bill or statement would apply.

Counsel for appellants, however, maintained, that under section 227 of the Code of Civil Procedure as amended, the time for filing a bill of exceptions or statement only begins to run from the time that the findings of fact are filed. Appeals from similar orders have been numerous and no such contention has been made. Section 227 as amended by the law of March 9, 1911, is as follows:

"On the final trial of any case in a district court the judge thereof shall make out and file a brief statement in the case setting out the facts as found by him and giving the reasons for his decision."

It is unnecessary for us to decide in this opinion whether the "statement" referred to in the law is an integral part of the judgment or not. One thing appears clearly and that is that section 227 as amended applies only to the decisions at the final trial and not to the incidental subsequent orders that a court may make, be they contested or not, be they in regard to costs, fees or executions or other orders of an incidental nature made after judgment. It is left to the discretion of the court to make findings or not in connection with such orders. The construction we put upon this section is rendered more evident by the fact that section 227 of the Code of Civil Procedure falls under Chapter VII thereof which relates to the manner of giving and entering judgments. The subsequent chapters refer to the proceedings after judgment.

The order was entered on June 28, 1913, and from that date to this there is no showing of any steps taken by the

appellants to perfect or further the appeal. The appellants seemingly relied entirely on the findings of fact to be filed by the judge but the motion to dismiss was notified to the appellants on or about September 10, 1913, and the appellants have had ample time to speed the cause and nothing has been done. In the matter of a memorandum of fees resting mainly in the discretion of the trial court we would be slow to reverse and we are unable to see why the appellants should have relied on or waited for the findings of fact or why a great amount of time should be necessary to prepare the data on such appeal.

The appeal must be dismissed.

*Motion sustained and appeal dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.